UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Robert Roy Frene

     v.                           Civil No. 17-cv-305-JD

New Hampshire State Prison


**REPORT AND RECOMMENDATION**

Before the court is pro se plaintiff Robert Roy Frene's complaint (Doc. No. 1) and complaint addenda (Doc. Nos. 3, 5), in this 42 U.S.C. § 1983 action, alleging that the New Hampshire State Prison ("NHSP") violated his rights during his incarceration at that facility.  The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).


**Standard of Review**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Discussion

### I.   Conditions of Confinement

#### A.   Factual Assertions

Frene asserts that while he was incarcerated at the NHSP, he was held in a "very hot" cell for six days without out-of-cell time, a shower, or fresh air.  Frene also claims that during that time, he was given food through cell bars that had lead paint on them, had to sleep on a mattress that smelled like urine without a sheet, and that there was human saliva and feces on the cell walls and floor.  Frene further alleges that he was assaulted by another inmate while at the NHSP.

#### B.   Fourteenth and Eighth Amendment Claims

It is unclear from Frene's complaint whether he was a pretrial detainee or a sentenced prisoner while housed at the NHSP during the time at issue in this case.  Frene's claims arise under the Fourteenth Amendment's Due Process Clause if he was a pretrial detainee at that time, and if he was a sentenced prisoner, under the Eighth Amendment's protection from cruel and unusual punishment.

The Fourteenth Amendment Due Process Clause prohibits subjecting pretrial detainees to conditions of confinement that

2

amount to pretrial punishment.  See Bell v. Wolfish, 441 U.S. 520, 535 (1979).  The Eighth Amendment "prohibits prison officials from depriving sentenced inmates of 'the minimal civilized measure of life's necessities.'"  Brown v. Plata, 131 S. Ct. 1910, 1959 (2011) (citation omitted).

To assert a claim under the Eighth or Fourteenth Amendment, plaintiff must, in addition to demonstrating that he was subjected to conditions of confinement that were severe or dangerous enough to violate the constitution, allege facts regarding the defendant's state of mind.  Mere negligence does not suffice.  "'[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.'"  Giroux v. Somerset Cty., 178 F.3d 28, 32 (1st Cir. 1999) (citations omitted). "'[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.'"  Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472 (2015) (citation omitted) (emphasis in original).

Here, Frene has alleged that he was subjected to unsanitary and unpleasant conditions of confinement for six days, and that he was assaulted by another inmate, while at the NHSP.  Further, the complaint contains no facts indicating that any prison

3

official was aware of a danger to Frene's health or safety, and,
acting with a purposeful, knowing, and/or deliberately
indifferent state of mind, either disregarded or failed to take
reasonable steps to remedy that danger.

Accordingly, the assertions set forth in Frene's complaint
and complaint addenda (Doc. Nos. 1, 3, 5) are insufficient to
support either an Eighth or Fourteenth Amendment claim
concerning the conditions of his confinement.  The district
judge should therefore dismiss those claims, unless Frene files
an amended complaint within fourteen days of the date of this
Report and Recommendation, identifying individual defendants to
his conditions of confinement claims, indicating whether he was
a pretrial detainee or a sentenced inmate while at the NHSP, and
stating, with specificity, what each defendant did or did not do
to violate his rights, including facts to support a claim that
each defendant's conduct was deliberately indifferent to a
substantial risk of serious harm to Frene, or undertaken
purposefully or knowingly, and not merely negligently.

## II.  Denial of Access to the Law Library/Attorney Phone Calls

Frene states that, while at the NHSP, he was denied access
to both the law library and telephone contact with his attorney
for six days.  To state a claim that those deprivations violated
his constitutional right of access to legal materials or legal

assistance, Frene must demonstrate that the deprivation of such access constituted a denial of access to the courts, in that, as a result of the denial of law library and telephone contact with his attorney, he suffered actual injury to his ability to litigate a challenge to his conviction or sentence or the conditions of his confinement.  See Lewis v. Casey, 518 U.S. 343, 356 (1996).  Frene has not alleged that any deprivation he claims to have suffered at the NHSP caused harm to any legal case in which he was involved.  Accordingly, the district judge should dismiss Frene's claims asserting the denial of law library and telephone access to his attorney.

**III. Challenge to Fact or Duration of Confinement**

In his complaint, Frene also makes general assertions that his incarceration at the NHSP violated his constitutional rights because he was improperly being prosecuted for, or had already been convicted of and sentenced for, exercising his constitutional right to travel.  Frene seeks to be released from incarceration on that basis.

"'[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement.  He must seek federal habeas corpus relief (or appropriate state relief) instead.'"  González-Fuentes v. Molina, 607 F.3d 864, 872-73 (1st Cir. 2010) (quoting Wilkinson v. Dotson, 544 U.S. 74, 78

(2005)).  To the extent Frene seeks to challenge the propriety of his conviction, detention or sentence, or seeks release from confinement, he cannot do so in this § 1983 action.  The district judge, therefore, should dismiss those claims, without prejudice to Frene's ability to file them in a habeas action in this court or in an appropriate state court action.

## IV.   <u>Defendant NHSP</u>

Frene has named the NHSP, a state agency, as the sole defendant to this action.  Frene's claims against the NHSP are barred by the Eleventh Amendment.  <u>See</u> <u>Town of Barnstable v. O'Connor</u>, 786 F.3d 130, 138 (1st Cir. 2015); <u>New Hampshire v. Ramsey</u>, 366 F.3d 1, 14 (1st Cir. 2004).  The district judge, therefore, should drop the NHSP from this case.


## <u>Conclusion</u>

For the foregoing reasons, the court recommends that the district judge:

1.   Dismiss plaintiff's claims alleging denial of access to the law library and denial of the ability to call his attorney for six days;

2.   Dismiss plaintiff's claims challenging the fact or duration of his confinement;

3.   Drop defendant New Hampshire State Prison from

6

this action; and

4.    Dismiss plaintiff's claims of unsanitary and
unpleasant conditions of confinement, and his claims
regarding an assault by another inmate, unless Frene,
within fourteen days of the date of this Report and
Recommendation, files an amended complaint that:

a.    states whether Frene was at the NHSP as a
pretrial detainee or whether he was a sentenced inmate
when those events occurred;

b.    names individual defendants to those claims;
and

c.    states, with specificity, what each
defendant did or did not do to violate his rights,
including facts to support a claim that each
defendant's conduct was deliberately indifferent to a
substantial risk of serious harm to Frene, or was
undertaken purposefully or knowingly.

5.    If Frene does not file an amended complaint
within the time allotted for him to do so, the district
judge should direct that judgment be entered and the case
be closed.

Any objections to this Report and Recommendation must be
filed within fourteen days of receipt of this notice.  See Fed.

R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


Andrea K. Johnstone
United States Magistrate Judge


February 16, 2018

cc:  Robert Roy Frene, pro se

8